MEMORANDUM *
Henri Nababan and Harlena Rose Silalahi, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals’ (“BIA”) order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA’s denial of a motion to reopen. Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.
■ Petitioners filed an untimely motion to reopen, because they filed it more than 90 days after the final order of removal. See 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in finding that Petitioners failed to establish materially changed circumstances in Indonesia to qualify for an exception to the time limitations for a motion to reopen. See 8 C.F.R. § 1003.2(c)(3)(ii); Najmabadi, 597 F.3d at 989-90 (evidence must be “qualitatively different” to warrant reopening).
Although Petitioners are members of a disfavored group in Indonesia,[1] Petitioners failed to present evidence that they would be individually targeted based on their Christian faith. See Wakkary v. Holder, 558 F.3d 1049, 1053 (9th Cir.2009). Membership alone in a disfavored group is not enough. Id. at 1066. The BIA concluded that Petitioners did not produce sufficient evidence of materially changed country conditions or individualized risk. The BIA recognized that religious intolerance in Indonesia . is on-going (including attacks against Christian churches and evidence that some government authorities have not responded to the incidents). However, the *526 BIA concluded that the violence against Christians was neither systemic nor pervasive. Further, Petitioners failed to present the quantum of evidence necessary to show that their “predicament [was] appreciably different from the dangers faced by [their] fellow [Indonesians].” Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998) (quoting Kotasz v. INS, 31 F.3d 847, 862 (9th Cir. 1994)). These conclusions were not- an abuse of discretion. See Najmabadi, 597 F.3d at 986 (the court “defer[s] to the BIA’s exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law”).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Petitioners also assert that their residency in the United States and that they have three United States citizen children would put them and their children at risk of persecution. We have not recognized that a person with American ties qualifies as a member of a social group. Cf. Delgado-Ortiz v. Holder, 600 F.3d 1148, 1151-52 (9th Cir. 2010), Further, Petitioners failed to challenge the BIA’s conclusions with regard to the anti-American sentiment in their opening brief. Thus, any arguments on this claim are waived. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (“[A]n issue referred to in the appellant’s statement of the case but not discussed in the body of the opening brief is deemed waived.”).